UNITED STATES DISTRICT COURT
EASTERN DISTICT OF LOUISIANA

| | |
|---|---|
| **RATTLER TOOLS, INC.**<br>**Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | |
| | **No. 05-293 c/w 05-3777** |
| **BILCO TOOLS, INC.  and**<br>**WILLIAM COYLE, individually,**<br>**Defendants** | **SECTION: "C"** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment by defendants Bilco Tools, Inc. ("Bilco") and William Coyle ("Coyle," collectively, "defendants"). Fed. Rec. Doc. 87. The plaintiff, Rattler Tools, Inc. ("Rattler") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the motion for summary judgment is **DENIED**.

Summary judgment is proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986); see also Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." See Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994); Lujan v. Nat'l. Wildlife Fed'n., 497 U.S. 871, 871-73 (1990); Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).

The Court finds that there are significant and disputed issues of material fact, including the basic issue of infringement, the existence of an equivalent under the doctrine of equivalents (i.e. claim concerning Patent 6,308,781), or the meaning of a phrase to a person of ordinary skill in the art (i.e. claim concerning Patent 6,491,117). The Court cannot merely credit the submissions of the defendants as against the contrary claims of the plaintiffs.

Accordingly,

IT IS ORDERED that the Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana this 12th day of February, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE