UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RATTLER TOOLS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0293 c/w** |
| | **05-3777** |
| **BILCO TOOLS, INC.** | **SECTION: "C" (4)** |

## ORDER AND REASONS

Before the Court is the continued portion of **Defendants Motion for Rule 37 Sanctions (doc. #112)** filed by the defendant, Bilco Tools, Inc., seeking an order from this Court compelling the plaintiff, Rattler Tools Inc., to more fully respond to discovery. Rattler filed an opposition memorandum.

**I.    Background**

This is a patent infringement case. Rattler has several patents for a magnetic tool designed to retrieve metal objects from a well bore. The tools it manufactures according to these patents are known as Mag-Trap tools.

It filed this action on February 2, 2005, alleging that Bilco's Tough Boy tool infringes on its patent. The Tough Boy is allegedly marketed as a magnetic tool designed to retrieve metal objects from a well bore. Rattler seeks a judgment declaring that Bilco is infringing on its patent and that its patent is valid and enforceable. It further seeks damages for the patent infringement and an

injunction prohibiting Bilco from infringing on the patent.

Bilco answered denying liability. It further sought a declaratory judgment that Rattler's patents were invalid and unenforceable, and that its products did not infringe on any patent.

After an initial rescheduling of the trial because of the aftermath of Hurricane Katrina, this matter was scheduled for trial on November 6, 2006. However, at a conference before this Court on October 27, 2006, both parties indicated to the Court that neither party had exchanged substantive discovery and sought a continuance from the District Court. (*See* Rec. Doc. No. 82). The parties then agreed Bilco would respond to the outstanding discovery by November 10, 2006, and Rattler would respond by November 20, 2006. *Id.* Unsatisfied with certain of the answers provided by Rattler, Bilco filed the subject motion.

However, pursuant an agreement reached among the parties at the last hearing, this Court denied the majority of the motion to compel and continued the motion for Interrogatories Numbers 2 and 5. (*See* Rec. Doc. No. 144).

**II.    Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant of the claim or defense of any party." The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

**III.    Analysis**

### A.  Deficient Responses

During the hearing, Bilco requested that it be allowed to address certain of the interrogatories that this Court had already denied as moot because of Rattler's agreement to answer the interrogatories in accordance with the responses required by the Federal Rules, particularly Federal Rule of Civil Procedure 33(b).  In an effort to expedite matters, the Court agreed to entertain argument on the allegedly deficient responses to ensure that Rattler had complied with its earlier agreement to answer the interrogatories.

#### 1.  Interrogatory Number 10

Interrogatory Number 10 sought whether Rattler contended that it marked its products with any of the patents at issue and the date when the products were first marked.  Rattler first responded that the products were marked shortly after issuance of the corresponding patents and then supplemental its response by stating that no further information was available.

During the hearing, Rattler agreed to amend further amend its response within seven days by stating that it did not know.  In light of the agreement by Rattler to further amend its response, the motion to compel a further response to Interrogatory Number 10 is denied as moot.

#### 2  Interrogatory Number 11

Interrogatory Number 11 seeks an explanation and calculation for damages sought by Rattler for the alleged infringement of the patents at issue in this case.  Rattler responded by stating that information would be provided when Bilco responded to the long outstanding discovery requests.

The Court noted that a party cannot hold its answers hostage in an attempt to receive answers from the propounding party.  Such an approach is not sanctioned by the Federal Rules.  The motion to compel a response to Interrogatory Number 11 is granted and Ratter is required to respond to the interrogatory by 2:00 p.m. the day of the hearing.

### 3. **Interrogatory Number 12**

Interrogatory Number 12 seeks identifying information about any witnesses having knowledge about this case along with the general nature of the facts of which is person is knowledgeable or will testify. Rattler answered by stating that it would provide a witness list prior to trial. It then further supplemented by provided the names of a few witnesses.

During the hearing, Bilco noted that Rattler had filed a copy of a witness list into the record which greatly expanded the number of witnesses it may call at trial. However, Rattler failed to further supplement the answer to the interrogatory. Rattler then agreed to supplement the interrogatory within seven days. Given the agreement by Rattler to amend its response within seven days, the motion to compel Interrogatory Number 12 is denied as moot.

### A. **Interrogatory Number 2**

Interrogatory Number 2 requests that Rattler

> identify and describe, with relevant dates, the first actual reduction to practice, the first commercial use, the first sale, the first offer for sale, and the first lease of any alleged invention within the scope of each of the '787 patent, the '781 patent, the '386 patent, the '539 patent, and the '117 patent.

Rattler responded by answering the questions for the magnetic retrieval tools and further stated that it was impossible to break each patent into the categories suggested by Bilco since one magnetic tool model made by Rattler could incorporate features of more than one patent. In its supplemental response, Rattler contended that no further information is available.

During the hearing, Rattler indicated that it did not know the answer and agreed to amend its response to indicate that it did not know the answer within seven days. Given the agreement by Rattler to amend its response, the motion to compel Interrogatory Number 2 is denied as moot.

### B. **Interrogatory Number 5**

Interrogatory Number 5 requests that Rattler "

> identify each claim element in any claim of each of the '787 patent, the '781 patent, the '386 patent, the '539 patent and the '117 patent that RATTLER contends should be construed pursuant to 35 U.S.C. § 112 ¶ 6, and for each claim element so identified, state in full detail the specified function, any structure, material, or acts recited in the claim element for accomplishing that function, and the allegedly equivalent structure, material, or acts described in the specification.

During the hearing, Bilco informed the Court that the parties had reached an understanding that Rattler had not answered the interrogatory and would provide its amended response within seven days. Given the agreement between the parties, the motion to compel Interrogatory Number 5 is denied as moot.

Accordingly,

**IT IS ORDERED** that the continued portion of **Defendants Motion for Rule 37 Sanctions (doc. #112)** is **GRANTED IN PART** and **DENIED IN PART AS MOOT**. It is granted in part to the extent that Rattler was ordered to respond to Interrogatory Number 11 by 2:00 p.m. the day of the hearing. It is denied as moot as to Interrogatories Numbered 2, 5, 10, and 12.

New Orleans, Louisiana, this 22nd day of March 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**