# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RATTLER TOOLS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-0293 c/w** |
| | **05-3777** |
| **BILCO TOOLS, INC.** | **SECTION: "C" (4)** |

## REPORT AND RECOMMENDATION

Before the Court is **Defendants' Motion for Costs (R. Doc. 222)** filed by the Defendants, Bilco Tools, Inc. ("Bilco") and William E. Coyle ("Coyle") (collectively, "the Defendants") seeking the award of costs. The Plaintiff, Rattler Tools Inc. ("Rattler") opposes the motion. (R. Doc. 224.) Rattler also filed a Motion To Dismiss Defendants' Motion For Costs (R. Doc. 226), which was granted in part and denied in part by the presiding District Judge. (R. Doc. 230.) Subsequently, the matter was referred to the undersigned United States Magistrate Judge for a determination of the appropriate amount of appeal costs and to submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636 (b)(1)(B). (R. Doc. 230.)

## I.     Factual Background

This is a patent infringement case. (R. Doc. 1, Compl.) Rattler has several patents for a magnetic tool designed to retrieve metal objects from a well bore. (R. Doc. 1, ¶ 6.) The tools it manufactures according to these patents are known as Mag-Trap tools. (R. Doc. 1, ¶ 14.) Rattler filed suit, alleging that Bilco's Tough Boy tool infringed on its patent. (R. Doc. 1, ¶ 14.) The Tough Boy purportedly was marketed as a magnetic tool designed to retrieve metal objects from a well bore. (R. Doc. 1, ¶ 14.) Rattler sought a judgment declaring that Bilco infringed on its patent and

that its patent is valid and enforceable. (R. Doc. 1, p. 5, Prayer for Relief, ¶¶ 1-2.) It also sought a preliminary and permanent injunction and an award of damages. (R. Doc. 1, Prayer for Relief, ¶¶ 3-6.)

The matter proceeded to trial before United States District Judge Helen Ginger Berrigan. (R. Docs. 211-212.) On July 9, 2007, the District Judge rendered a judgment in favor of the Defendants, Bilco and Coyle, and against Rattler. (R. Doc. 213.) The judgment dismissed Rattler's petition with prejudice and granted the Defendants' claim in part and denied it in part. (R. Doc. 213.) Thereafter, Rattler appealed the judgment to the United States Court of Appeals for the Federal Circuit. (R. Doc. 214.) The Circuit Court affirmed the District Court's Judgment in its entirety. (R. Doc. 220.) The Circuit Court's Judgment was filed in this Court on July 14, 2008. (R. Doc. 220.) Thereafter, the Defendants filed the subject motion, seeking to recover its costs from Rattler. (R. Doc. 222.)

The District Judge considered the Motion for Costs and concluded that the motion to tax the expert witnesses and deposition costs was untimely pursuant to Local Rule 54.3. (R. Doc. 230, pp. 3-4.) The District Judge further vacated the Bill of Costs and referred the matter to the undersigned for a determination of the actual amounts to be awarded for appeal costs. (R. Doc. 230, p. 4.)

**II.     Standard of Review**

Federal Rule of Appellate Procedure ("Rule") 39 authorizes the party who prevails on appeal to tax the costs of preparing his brief to the unsuccessful party. Fed.R.App.P. 39. Further, the rule provides that '[c]osts incurred in the preparation and transmission of the record on appeal . . . shall be taxed in the district court as costs of the appeal in favor of the party entitled to costs under this rule.' Fed.R.App.P. 39(e).

**III.     Analysis**

The documents attached to the instant motion contain invoices for work performed on appeal. (*See generally* R. Doc. 222, Ex. E.)  The first appeal invoice is from Counsel Press, LLC for copying and binding the appellee's brief. (R. Doc. 222-8, Ex. E, p. 7, Invoice from Counsel Press, LLC to Christopher H. Riviere, Esq, Dec. 31, 2007.)  The total costs were $529.05.  The remaining copying costs associated with the Joint Appendix to the appellate brief total $4,532.00. (R. Doc. 222-8, p. 7, Invoice from Counsel Press, LLC, Thomas S. Keaty, Esq., Feb. 29, 2008.)

Rattler contends that the Joint Appendix costs were supposed to be shared costs, with each party paying one half of the costs, or a total of $2,266.00. (R. Doc. 226-2, p. 1. Memo. in Support of Pl's Mot. To Dismiss Defs.'s Mot. for Costs.)  Further, Rattler insists that the Defendants never paid their portion of the costs associated with the filing of the Joint Appendix. (R. Doc. 226-2, p. 1.)

The Court first notes that the Defendants failed to respond and/or to refute Rattler's contention regarding their alleged failure to pay.  This Court further notes–as previously acknowledged by the presiding District Judge–that "Defendants do not provide any evidence that [the] invoices have been paid in full." (R. Doc. 230, p. 2.)  In fact, included in the attachments to the subject motion is a *letter from counsel for Rattler* which instructs counsel for the Defendants to remit "a check for ½ the amount to [counsel's] office." (R. Doc. 222-8, Ex. E. p. 6, Ltr. From Debra Mengel on behalf of Thomas S. Keaty, Apr. 24, 2008.)

Based upon the submissions, the undersigned determines that the total costs associated with the appeal equal $2,795.05.[1]  However, in light of the representations by Rattler regarding the

---

[1] This total was calculated as follows: $529.05 (for the copying and binding of the appellee's brief) + $2,266.00 (Joint Appendix Costs) = $2,795.05.

Defendants' failure to pay the $2,266.00 for the Joint Appendix coupled with the lack of any clear evidence that the Defendants did, in fact, actually pay their portion, the Court determines that the Defendants are entitled to a total of $529.05 for appeal costs in the above-captioned matter.

**IT IS THEREFORE RECOMMENDED** that the Defendants, Bilco Tools, Inc. and William E. Coyle, be awarded appeal costs in the amount of **$529.05**.

**IT IS FURTHER RECOMMENDED** that the Plaintiff, Rattler Tools, Inc., satisfy its obligation to the Defendants no later than **twenty (20) days** from the adoption of this Report and Recommendation by the presiding District Judge.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 11th day of May 2009

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**